**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50534 |
| Plaintiff - Appellee, | D.C. No. 8:09-cr-00060-JVS |
| v. | |
| CARL LARUE GODFREY, a.k.a. Carl Godfrey, a.k.a. Carl Laurue Godfrey, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted November 19, 2013[**]

Before:     CANBY, TROTT and THOMAS, Circuit Judges.

Carl Larue Godfrey appeals from district court's judgment and challenges

the 70-month sentence imposed following his guilty-plea conviction for aiding and

abetting mail fraud, in violation of 18 U.S.C. §§ 2 and 1341.  We dismiss.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Godfrey contends that the district court procedurally erred at sentencing by failing to hold a hearing on a disputed issue regarding the calculation of his criminal history category. The government argues that the appeal is barred by a valid appeal waiver. We review de novo whether a defendant has waived his right to appeal. *See United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009).

Godfrey contends that the appeal waiver does not apply because the district court failed to calculate properly his criminal history and the government breached the agreement because it failed to recommend a sentence at the bottom of the applicable Guidelines range. The plain language of the appeal waiver unambiguously encompasses the district court's determination of Godfrey's criminal history category. *See United States v. Harris*, 628 F.3d 1203, 1206-07 (9th Cir. 2011). Further, the government did not breach the plea agreement because it recommended a sentence at the bottom of the correctly calculated Guidelines range. Accordingly, we dismiss this appeal in light of the valid appeal waiver. *See id.* at 988.

**DISMISSED.**